IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

Junior Clayton Menteer, )
                        )
            Plaintiff,  )   **CIVIL ACTION**
                        )
v.                      )   No. 04-3054-MLB
                        )
Applebee, et al.,       )
                        )
            Defendants. )
                        )

### ORDER

By its Order filed August 29, 2006 (Doc. 42), the court directed the so-called CCA defendants to file a supplemental motion to dismiss on or before September 29, 2006. The supplemental motion was filed on September 13, 2006 (Docs. 45 and 46) and was served by mail on plaintiff at his present place of incarceration, USP-Pollock, Pollock, Louisiana.

In a letter dated September 5, 2006 and filed in this court on September 11, plaintiff states that because he is in lock-down status for his own protection, he cannot file a response to defendants' motion by October 20, the date previously ordered by the court. Plaintiff's handwriting is almost illegible but, as near as can be determined, plaintiff is requesting an open-ended continuance until he is released from lock-down status, whenever that may be.

This case was originally filed in 2004. The majority of the plaintiff's claims have been dismissed and the dismissal has been affirmed. The only remaining claim is a <u>Bivens</u> claim against individual CCA defendants who seek dismissal on three bases:

    1.   Plaintiff's complaint fails to state a claim against CCA employees and independent contractors under 28 U.S.C. § 1331 or <u>Bivens</u>;

    2.   Plaintiff has failed to exhaust his administrative remedies; and

    3.   Plaintiff's complaint fails to state a claim that the CCA employees and independent contractors acted in violation of plaintiff's constitutional rights.

To counter plaintiff's contentions that he did not receive appropriate medical care, defendants have attached a few pages from plaintiff's medical records which purport to show that plaintiff was given pain medication.

    The majority of the grounds set forth in defendants' motion are legal in nature and do not require plaintiff to respond with facts.  Indeed, as defendants acknowledge, the facts set forth in plaintiff's complaint are presumed to be true for purposes of the motion.  To the extent that defendants have supported their motion with copies of plaintiff's medical records, the court will convert the motion to one for summary judgment on the issue of whether plaintiff was given pain medication.  On that issue alone, plaintiff may submit contrary evidence, i.e., evidence to support his claim that he was not given pain medication.

    The court will extend the time for plaintiff to respond to defendants' motion until November 3, 2006.  No further extensions will be allowed for any reason including, but not limited to, that plaintiff cannot obtain access to legal materials, or to a law library or that he is in a segregation unit or that he has been

transferred to another facility. Plaintiff's situation in prison is of his own making and does not entitle him to special consideration.

The court's obligation to construe plaintiff's pleadings liberally does not extend to allowing plaintiff to control the schedule on which this case will proceed. On the contrary, this is a civil case and the requirements of Fed. R. Civ. P. 1 are that the rules of civil procedure be construed and administered to secure the just, speedy and inexpensive determination of every action. This means, among other things, that a pro se plaintiff must comply with the rules relating to time limits and time periods. Therefore, if plaintiff does not file an appropriate response to defendants' supplemental motion on or before November 3, 2006, defendants' motion will be granted as uncontested pursuant to this court's Rule 7.4. An appropriate response means a legible response. The court had to read plaintiff's letter (Doc. 44) several times because the handwriting is so poor and even then, some of the writing cannot be deciphered. If the court cannot read plaintiff's response, the court will not consider it.

Accordingly, plaintiff shall have until November 3, 2006, and no later, to file an appropriate response to defendants' motion. If an appropriate response is not filed, defendants' motion will be treated as uncontested.

IT IS SO ORDERED.

Dated this   20th   day of September 2006, at Wichita, Kansas.

                                        s/ Monti Belot

```
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE
```