IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JUNIOR CLAYTON MENTEER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-3054-MLB |
| | ) | |
| STACEY APPLEBEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

### I.  Introduction

This is a prisoner civil rights case.  The plaintiff, Junior Clayton Menteer, asserts claims related to his treatment while he was incarcerated at the Corrections Corporation of America ("CCA") Detention Center in Leavenworth, Kansas.  Specifically, plaintiff alleges he was injured as a result of the neglect and indifference of CCA and its employees, defendants Stacey Applebee, Dr. Scott Bowlin, Fredrick Lawrence, Rhonda Allen, and Betty Davis (collectively, the "individual CCA defendants").  The case is now before the court on the individual CCA defendants' supplemental motion to dismiss **(doc. 45)** and CCA's motion to dismiss plaintiff's amended complaint **(doc. 79)**.  On March 19, 2008, by consent of all parties, the two motions currently before the court were assigned for disposition from Hon. Monti L. Belot, U.S. District Senior Judge, to the undersigned U.S. Magistrate Judge, James P. O'Hara (*see* doc. 87).  As discussed below, these motions have been fully briefed,

and the court is ready to rule.

## II.   Background

A detailed review of this case's complex procedural history is necessary to understand the legal issues currently before the court.  On February 13, 2004, plaintiff filed this case pro se against the United States of America, the United States Marshal for the District of Kansas, and the United States Attorney General (collectively, the "federal defendants"), and also against CCA and the individual CCA defendants (doc. 1).   In his complaint, plaintiff asserted a claim under *Bivens v. Six Unknown Named Agents of Federal of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) for violations of his Fifth Amendment right to due process and his Eighth Amendment right to be free of cruel and unusual punishment, along with a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, and a breach of contract claim pursuant to the Tucker Act, 28 U.S.C. § 1346(a)(2).

On August 4, 2004, CCA and the individual CCA defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted (doc. 21).  On September 30, 2004, the federal defendants filed a separate motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment (doc. 28).

On December 16, 2004, Judge Belot granted both of the above-referenced dispositive motions, dismissing the complaint in its entirety (doc. 30).   Judgment was entered accordingly (doc. 31).  Plaintiff, still proceeding pro se, appealed (doc. 32).  On August 10,

2006, the United States Court of Appeals for the Tenth Circuit affirmed the dismissal of the claims against the federal defendants and CCA, but reversed the dismissal of the *Bivens* claim against the individual CCA defendants for lack of subject matter jurisdiction, remanding the case for further proceedings only on the *Bivens* claim (*see* doc. 48).

As earlier indicated, the individual CCA defendants' original motion to dismiss had two bases:  lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  The Tenth Circuit found that Judge Belot granted the motion on the basis of lack of subject matter jurisdiction and held this was improper because the appropriate basis for dismissing a *Bivens* claim is failure to state a claim upon which relief can be granted.

On August 29, 2006, after this case had been remanded, Judge Belot determined the individual CCA defendants should be allowed to file a supplemental motion to dismiss for failure to state a claim or upon any other appropriate basis (*see* doc. 42).  He also set briefing deadlines related to the motion.

The individual CCA defendants filed their supplemental motion to dismiss and memorandum in support (doc. 46) on September 13, 2006.  After receiving a letter from plaintiff stating he could not file a response by the previously set deadline, the court gave plaintiff an extension of time to November 3, 2006 to respond to the individual CCA defendants' motion (*see* doc. 47).  The court also noted that because the individual CCA defendants attached some of plaintiff's medical records to their memorandum in support of

their motion, the court would convert the motion to one for summary judgment on the issue of whether plaintiff was given pain medication. The court stated plaintiff could submit contrary evidence on that issue.

The court received another letter from plaintiff requesting an extension of time, which the individual CCA defendants did not oppose (*see* docs. 49 & 50). On October 31, 2006, plaintiff filed his response to the individual CCA defendants' motion to dismiss, which plaintiff acknowledged the court had converted to a motion for summary judgment on the issue of whether plaintiff was given pain medication (doc. 51). The court then allowed the individual CCA defendants to supplement their motion to explain whether administrative remedies were or are available at the Leavenworth Detention Center and, if so, what the remedies were or are (*see* doc. 52). The court's order included a footnote stating the individual CCA defendants' "motion may be converted to summary judgment."

The individual CCA defendants timely filed a supplement to their motion to dismiss addressing the availability of administrative remedies and whether plaintiff exhausted those remedies (doc. 53). The individual CCA defendants attached to their supplement an affidavit of defendant Fredrick Lawrence, Chapter 14 of the CCA Corporate and Facility Policy, and the CCA Inmate Handbook for the Leavenworth Detention Center. The court then noted the evidence presented by the individual CCA defendants was contrary to plaintiff's statement in his complaint that he was told there were no administrative remedies available at the Leavenworth Detention Center (*see* doc. 54). The court converted the

individual CCA defendants' motion to dismiss to one for summary judgment pursuant to

Fed. R. Civ. P. 12(c) and gave plaintiff an opportunity to respond to the individual CCA

defendants' supplement to their motion.  In an abundance of caution, the court sent plaintiff

its previous order allowing the individual CCA defendants to supplement their motion

regarding administrative remedies and the individual CCA defendants' supplement at the

institution to which he was recently moved.  Plaintiff then sent Judge Belot an illegible letter

and a separate letter requesting an extension of time to respond to the individual CCA

defendants' supplement to their motion (docs. 55 & 56).

On June 18, 2007, Judge Belot provisionally appointed David A. Rameden as counsel

to represent plaintiff (doc. 57).  On February 6, 2008, plaintiff, through counsel, filed a

motion for leave to amend his complaint to properly identify the previously unknown or

incompletely identified individual CCA defendants and to add state law negligence claims

against CCA and the individual CCA defendants (doc. 70).  CCA opposed the motion,

arguing plaintiff unduly delayed filing the motion to amend (doc. 72).  CCA further argued

that, because it had not been a defendant for over a year, plaintiff's proposed negligence

claim would cause it undue prejudice.  The individual CCA defendants did not file any

opposition to plaintiff's proposed amendments.

On February 28, 2008, after filing a reply brief in support of his motion to amend

(doc. 75), plaintiff filed a motion for leave to file a surreply to correct his misstatement that

CCA had filed a responsive pleading (doc. 76).  In his surreply, plaintiff argued his

opportunity to amend as of right had not yet ended and therefore the court need not decide the arguments raised in plaintiff's motion to amend and the subsequent briefing (doc. 76, ex. 1).  Later that same day, plaintiff filed an amended complaint (doc. 77) and withdrew his motion for leave to amend and motion for leave to file a surreply (doc. 78).  CCA then filed its motion to dismiss plaintiff's amended complaint, and plaintiff filed a response (doc. 86).  CCA did not file a timely reply brief.  CCA and the individual CCA defendants filed an answer to plaintiff's amended complaint and subsequently amended said answer (docs. 83 & 84).

Meanwhile, plaintiff obtained two unopposed extensions of time to respond to the individual CCA defendants' supplement to their motion to dismiss (*see* docs. 69 & 74) and the parties began conducting discovery.  On March 6, 2008, plaintiff filed a response to the individual CCA defendants' supplemental motion to dismiss (*see* doc. 82).[1]  The individual

---

[1]When plaintiff's counsel was appointed, the only issue open for plaintiff to brief was to respond to the individual CCA defendants' supplement to their supplemental motion to dismiss addressing the availability of administrative remedies at the Leavenworth Detention Center.  Plaintiff already had filed a pro se response to the individual CCA defendants' motion (doc. 51).  Plaintiff was to file his response to the individual CCA defendants' supplement by March 16, 2007 (*see* doc. 54).  Plaintiff sent Judge Belot a letter dated March 5, 2007 requesting an extension of time to file his response (doc. 56).  This request, which the court construed as a motion, was never ruled, but as mentioned earlier the court appointed counsel for plaintiff on June 18, 2007.

The court, however, will consider plaintiff's response filed through counsel in its entirety.  The court finds that plaintiff, who now has the benefit of counsel, should not be limited to the arguments and exhibits he presented in his pro se response.  Further, plaintiff's motions for extensions of time to file his response and the court's orders granting those motions were not extremely precise as to what plaintiff was being given an extension of time to file (*see* docs. 68-69 & 73-74).

CCA defendants did not file any timely reply brief regarding their supplemental motion to dismiss.

III.   The Individual CCA Defendants' Supplemental Motion to Dismiss

A.   Procedural Standards

The individual CCA defendants' supplemental motion to dismiss, asserted pursuant to Fed. R. Civ. P. 12(b)(6), seeks dismissal of plaintiff's *Bivens* claim for failure to state a claim upon which relief can be granted.  Because the individual CCA defendants attached some of plaintiff's medical records to their supporting memorandum, Judge Belot stated he would convert the motion to one for summary judgment on the issue of whether plaintiff was given pain medication.  Judge Belot gave plaintiff an opportunity to submit contrary evidence on the issue.

The individual CCA defendants' supplement to their motion regarding the availability of administrative remedies is also accompanied by matters outside the pleadings.  After previously stating the motion may be converted, Judge Belot stated that "the court will convert defendants' motion to dismiss to one for summary judgment."[2]  He further noted the conversion should not present a problem because plaintiff already considered the motion to be one for summary judgment.[3]  But plaintiff, in his response filed through counsel, now

---

[2]Doc. 54, at 1.  Judge Belot cited to Fed. R. Civ. P. 12(c); the court, however, believes this was in error and that he meant to cite to Fed. R. Civ. P. 12(b), which governed presenting matters outside the pleadings at the time of Judge Belot's order.

[3]Plaintiff's pro se response to the individual CCA defendants' motion to dismiss is entitled "Responding to Motion for Summary Judgment" and states "the court converted the

argues the court should *not* consider the individual CCA defendants' motion as one for summary judgment and should not consider any matters outside the pleadings.

Fed. R. Civ. P. 12(d) governs when a party presents matters outside the pleadings in support of a motion to dismiss for failure to state a claim upon which relief can be granted.

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.[4]

The court has discretion to accept or reject documents attached to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[5]  The court, however, must give the parties notice and an opportunity to present relevant evidence before converting a motion to dismiss into a motion for summary judgment.[6]  "The required notice may be actual or constructive, and in some circumstances, courts have concluded that the submission of evidentiary materials by the movant, the nonmovant, or both of them constitutes sufficient notice."[7]

Plaintiff argues the court should not treat the motion as one for summary judgment

---

motion to one for summary judgment on [the] issue of plaintiff being given pain medication."  Doc. 51, at 1.

[4]Fed. R. Civ. P. 12(d), formerly Fed. R. Civ. P. 12(b).

[5]*Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1341 (10th Cir. 2000).

[6]*David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996).

[7]*Id.*

because the individual CCA defendants failed to comply with D. Kan. Rule 56.1, which requires parties moving for summary judgment to number the facts and specifically refer to the supporting portions of the record.  Obviously, whether a movant complies with D. Kan. Rule 56.1 when filing a motion it intended to be one to dismiss for failure to state a claim does not control whether the court can exercise its discretion to convert the motion.[8]

Plaintiff further argues the court should not convert the motion to one for summary judgment because the parties did not request such a conversion and summary judgment is premature given the need for discovery.  As earlier indicated, the court has discretion to consider documents outside the pleadings and therefore convert the motion to summary judgment.  Whether the parties request such a conversion is not controlling.[9]

The court recognizes the need to conduct discovery to effectively defend a summary judgment motion. One reason plaintiff stated the need for an extension to respond to the individual CCA defendants' motion was to conduct discovery to dispute defendants'

---

[8]*Cf. Grogan v. O'Neil*, 292 F. Supp. 2d 1282, 1292 (D. Kan. 2003) (declining to exercise discretion to treat motion to dismiss as one for summary judgment for several reasons, including that the motion did not contain a concise statement of material facts as required by D. Kan. Rule 56.1).

Plaintiff also argues that, if the court treats the motion as one for summary judgment, the court should deny summary judgment because the individual CCA defendants failed to comply with D. Kan. Rule 56.1.  The court declines to decide the motion on that basis.  At the time the individual CCA defendants filed their memorandum in support of their motion and their supplement, Judge Belot had not yet converted the entire motion to one for summary judgment.  Further, the individual CCA defendants' supplement does contain a concise state of the facts with citations to the supporting exhibits.  *See* doc. 53, at 2-5.

[9]*Cf. Grogan*, 292 F. Supp. 2d at 1292 (listing that the parties did not request the court to convert the motion as one reason the court declined to exercise its discretion).

asserted facts.  Specifically, plaintiff needed an extension until after he received the transcript from the Fed. R. Civ. P. 30(b)(6) deposition of CCA.[10]  Plaintiff also conducted other discovery before responding to the motion, including interrogatories, which are attached as an exhibit to his response.[11]  Although discovery is not complete, the parties have conducted enough discovery that a motion for summary judgment is not premature at this stage of the case.[12]

Plaintiff also argues the court should not convert the motion to one for summary judgment because the court has not notified the parties it will use the summary judgment standard.  Such an argument ignores Judge Belot's previous orders in the case.  The court recognizes plaintiff's counsel was appointed in the middle of a case with a complicated procedural history.  Plaintiff's counsel, however, filed plaintiff's response over eight months after being appointed, which should have been sufficient time to thoroughly review the case's history.  Regardless, Judge Belot warned the parties the motion may be converted and then held the motion would be converted to one for summary judgment, clearly giving the parties notice of such a conversion.[13]  Given Judge Belot's previous order converting the

---

[10]Doc. 68, at 2.

[11]Doc. 82, ex. 7.

[12]*Cf. Mansorri v. Lappin*, No. 04-3241, 2005 WL 2387599, at *8 (D. Kan. Sept. 21, 2005) (finding that a motion for summary judgment was premature when the parties had not engaged in discovery).

[13]Doc. 54, at 1.  Judge Belot previously held the motion would be converted to one for summary judgment on the issue of whether plaintiff was given pain medication.  Doc.

motion and the court's discretion to do so, the undersigned magistrate judge will consider the matters outside the pleadings presented in and attached to the individual CCA defendants' memorandum in support of their motion, their supplement, and plaintiff's response, and will therefore treat the motion as one for summary judgment.

Summary judgment is appropriate if the moving party demonstrates there is "no genuine issue as to any material fact" and it is "entitled to judgment as a matter of law."[14] In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[15] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[16] An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[17]

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[18]   In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial

---

47, at 2.  His subsequent order, however, stated the motion as a whole would be converted.

[14] Fed. R. Civ. P. 56(c).

[15] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[16] *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[17] *Id.* (citing *Anderson*, 477 U.S. at 248).

[18] *Id.* at 670-71.

need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[19]  "On the other hand, if the movant has the burden of proof on a claim or defense raised in a summary judgment motion, it must show that the undisputed facts establish every element of the claim or defense."[20]

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[21]  The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[22]  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[23]   "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."[24]

Finally, the court notes summary judgment is not a "disfavored procedural shortcut," rather, it is an important procedure "designed 'to secure the just, speedy and inexpensive

---

[19] *Id.* at 671 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

[20]*Media Servs. Group, Inc. v. Lesso, Inc.*, 45 F. Supp. 2d 1237, 1239 (D. Kan. 1999).

[21] *Anderson*, 477 U.S. at 256; *see Adler*, 144 F.3d at 671 n.1 (concerning shifting burdens on summary judgment).

[22] *Anderson*, 477 U.S. at 256.

[23] *Adler*, 144 F.3d at 671 (internal quotation omitted).

[24] *Id.*

determination of every action.'"[25]

B.      Facts[26]

Because plaintiff's original complaint was sworn to under penalty of perjury, it may be treated as an affidavit at the summary judgment stage if it alleges facts based on his personal knowledge.[27]  Since filing his original complaint, plaintiff was appointed counsel who then filed an amended complaint on his behalf.  The factual allegations in plaintiff's unverified amended complaint mirror those in his original pro se complaint.  Given the parallel factual allegations in the complaints, the court will consider plaintiff's verified original complaint as an affidavit, even though it has subsequently been amended.[28]

Initially, the court notes many of the facts the parties cite, including those related to the adequacy of plaintiff's shoes and the medical care plaintiff received at the Leavenworth

_____

[25] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[26] The court, of course, construes the facts in the light most favorable to plaintiff as the nonmoving party, as required by Fed. R. Civ. P. 56.  Immaterial facts and those not properly supported by the record are omitted.  When necessary, additional facts are included in the analysis section of this memorandum and order.

[27] *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991); *Strope v. Collins*, 492 F. Supp. 2d 1289, 1291 (D. Kan. 2007).

[28] *Cf. Mintz v. Henman*, No. 93-3535, 1997 WL 50477, at *4 n.1 (D. Kan. Jan. 17, 1997) (declining to consider plaintiff's unverified amended complaint as an affidavit for summary judgment purposes where the claim at issue was not asserted in his verified original complaint).  Because the court has converted the instant motion to dismiss to one for summary judgment and considers plaintiff's verified original complaint as an affidavit to the extent it is based on his personal knowledge, the court will consider all of plaintiff's statement of facts.  *See* doc. 82, at 4 (encouraging the court to consider only certain facts if the motion is treated as one to dismiss).

Detention Center, are immaterial to the determination of the instant motion to dismiss. Plaintiff was an inmate at the Leavenworth Detention Center from June 2001 until at least April 2002.  Defendant Frederick Lawrence, the warden at the Leavenworth Detention Center, stated in an affidavit that while plaintiff was detained there, inmates were provided with a grievance process to resolve complaints.  The individual CCA defendants produced two facility grievance policies, neither of which were effective while plaintiff was at the Leavenworth Detention Center.  Although Mr. Lawrence states plaintiff did not file a grievance while at the Leavenworth Detention Center, CCA produced multiple grievances relating to plaintiff's medical care.

C.    Analysis

Plaintiff filed his amended complaint well after the individual CCA defendants filed their motion to dismiss and their supplement.  Because plaintiff's amended complaint supersedes the original complaint, the court will rule the individual CCA defendants' motion in light of the allegations and claims stated in plaintiff's amended complaint.[29]  As plaintiff notes, his amended complaint mirrors his original complaint as to his *Bivens* claim and the underlying allegations and then adds a negligence claim against the individual CCA defendants and CCA.

1.    Exhaustion of Administrative Remedies

The individual CCA defendants argue plaintiff failed to exhaust administrative

---

[29]*See Purkey v. CCA Det. Ctr.* (*Purkey I*), 339 F. Supp. 2d 1145, 1147 (2004).

remedies and therefore his case must be dismissed.  The Prison Litigation Reform Act ("PLRA") requires prisoners exhaust available administrative remedies before bringing lawsuits related to prison conditions under federal law.[30]  Exhaustion is mandatory and "unexhausted claims cannot be brought in court."[31]  The court agrees with the individual CCA defendants that plaintiff was required to exhaust administrative remedies.[32]

Several significant cases regarding exhaustion of administrative remedies have been decided since the individual CCA defendants filed their memorandum in support of their motion on September 13, 2006 and their supplement to their motion on November 7, 2006. Plaintiff addressed these developments in the law in his response filed through counsel.  As noted above, the individual CCA defendants did not use their opportunity to address the recent cases by filing a reply brief.

The United States Supreme Court recently held "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."[33]  This holding resolved a split among lower

---

[30]42 U.S.C. § 1997e(a); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

[31]*Jones v. Bock*, 127 S. Ct. 910, 918-19 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

[32]Plaintiff does not dispute that § 1997e(a) applies to him.  Nevertheless, the court specifically finds that because plaintiff was incarcerated at the Leavenworth Detention Center, a correctional facility, and is now bringing a lawsuit pursuant to federal law related to his confinement conditions, he was required to exhaust administrative remedies.  *See* 42 U.S.C. § 1997e(a), (h).

[33]*Jones*, 127 S. Ct. at 921.

courts[34] and effectively abrogated Tenth Circuit precedent construing the exhaustion requirement of § 1997e(a) not to be an affirmative defense, including the cases on which the individual CCA defendants relied.[35]   It is now well-settled that the individual CCA defendants have the burden of proving plaintiff failed to exhaust administrative remedies.[36] Specifically, the individual defendants must prove administrative remedies were available to plaintiff and he failed to exhaust these remedies.[37]

Although an issue of fact may exist regarding whether a grievance policy was in effect at the time of plaintiff's confinement and the substance of the policy, there is another more important factual issue.   Mr. Lawrence's affidavit states plaintiff "did not file a grievance while he was an inmate at CCA concerning his medical treatment or injuries he allegedly received while detained at this facility."[38]   The individual CCA defendants conclude therefore that plaintiff's case should be dismissed.  Plaintiff, however, provided several grievance forms, including complaints related to his medical care, that he filed and

---

[34]*See id.* at 915 & n.2.

[35]*See Purkey v. CCA Det. Ctr.* (*Purkey II*), 263 F. App'x 723, 725 (10th Cir. 2008) (stating that *Jones* abrogated *Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004) and *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003)); *Mitchell v. Estrada*, 225 F. App'x 737, 738-29 (10th Cir. 2007) (same).

[36]*Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007); *see Purkey II*, 263 F. App'x at 726.

[37]*See Purkey II*, 263 F. App'x at 726.

[38]Doc. 53, ex. A, at 2.

which contain the grievance officer's decision.[39]

A genuine dispute exists regarding whether plaintiff filed a grievance while at the Leavenworth Detention Center, clearly a material fact regarding whether he exhausted available administrative remedies. Such a dispute of fact precludes summary judgment on the issue of exhaustion of administrative remedies. The court therefore denies the individual CCA defendants' request to dismiss plaintiff's complaint on this basis.[40]

2.      The Individual CCA Defendants' Liability under *Bivens*

The individual CCA defendants argue a claim under *Bivens* should not be implied against them as employees of a private prison. Plaintiff argues *Bivens* gives him a federal remedy to address constitutional violations by the individual CCA defendants. Although it is clear *Bivens* liability does not attach to private corporations, such as CCA,[41] the law is unsettled as to whether it attaches to *employees* of a private corporation.[42] The Supreme

---

[39]Doc. 82, ex. 2.

[40]Plaintiff asserts numerous ways he fulfilled his obligation to exhaust administrative remedies. But given the finding of a genuine issue of a material fact, the court need not address alternative ways plaintiff may have exhausted his administrative remedies.

[41]*Peneaux v. Corr. Corp. of Am.*, No. 07-3199, 2007 WL 2460845, at *2-*3 & n.2 (D. Kan. Aug. 24, 2007) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 n. 2 (2001)); *see also* doc. 48, at 5 (affirming Judge Belot's dismissal of the *Bivens* claim against CCA based on *Malesko*).

[42]*Lindsey v. Bowlin* (*Lindsey I*), No. 07-3067, 2007 WL 2729469, at *1 (D. Kan. Sept. 18, 2007).

Court has not yet resolved the issue.[43]  Nor has the Tenth Circuit.[44]

In 2004, in *Peoples v. CCA Detention Center* (*Peoples I*), U.S. District Judge Kathryn H. Vratil of the District of Kansas held that, where a plaintiff has a negligence claim, a *Bivens* action should not be implied against individual employees of CCA.[45]  In another case decided in 2004 involving the same plaintiff, it was held by U.S. District Judge Carlos Murguia, also of the District of Kansas, that even assuming a *Bivens* action against individual employees was available, the plaintiff had failed to state a claim upon which relief could be granted.[46]

In 2005, a Tenth Circuit panel held a *Bivens* cause of action will not be implied "for a prisoner held in a private prison facility when we conclude that there exists an alternative cause of action arising under either state or federal law against the individual defendant for the harm created by the constitutional deprivation."[47]  Sitting en banc in 2006, though, the

---

[43]*Peneaux*, 2007 WL 2460845 at *2 n.2, *3.

[44]*Lindsey v. Bowlin* (*Lindsey II*), No. 07-3067, 2008 WL 2331175, at *4 (D. Kan. June 6, 2008).

[45]*See* 03-3129, 2004 WL 74317, at *7 (D. Kan. Jan. 15, 2004), *aff'd*, 422 F.3d 1090 (10th Cir. 2005), *rev'd en banc*, 449 F.3d 1097 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 664 (2006).

[46]*Peoples v. Corr. Corp. of Am.* (*Peoples II*), No. 02-3298, 2004 WL 2278667, at *4-*7 (D. Kan. Mar. 26, 2004), *aff'd,* 422 F.3d 1090 (10th Cir. 2005), *aff'd by equally divided court en banc*, 449 F.3d 1097 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 687 (2006).

[47]*Peoples v. CCA Det. Ctrs.* (*Peoples III*), 422 F.3d 1090, 1103 (10th Cir. 2005), *aff'd in part, rev'd in part, vacated by an equally divided court in part*, 449 F.3d 1097 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 664, 687 (2006).

Tenth Circuit was evenly divided on the issue of whether a *Bivens* action is available against employees of a privately operated prison.[48]  Because there was no majority of the en banc panel, the Tenth Circuit affirmed the ruling in *Peoples II* on this issue and vacated the portion of *Peoples III* addressing the issue, which now lacks precedential value.[49]

Based on essentially the same reasoning as Judge Vratil in *Peoples I*, the Fourth and the Eleventh Circuits have declined to extend *Bivens* liability to individual employees of a private prison where the inmate has alternate state law remedies for his alleged injuries.[50] Other courts have allowed a plaintiff to maintain a claim brought pursuant to *Bivens* against individual employees of a privately run prison.[51]  In *Lindsey II*, Judge Vratil traced the Supreme Court's history of implying and limiting actions brought pursuant to *Bivens* and stated:

> On three occasions from 1971 to 1980, the Supreme Court has recognized an implied cause of action for money damages arising directly under the Constitution.  *See Bivens*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (implied action against federal officials in individual capacities for Fourth Amendment

---

[48]*Peoples v. CCA Det. Ctrs.* (*Peoples IV*), 449 F.3d 1097, 1099 (10th Cir. 2006) (en banc) (per curiam), *cert. denied*, 127 S. Ct. 664, 687 (2006).

[49]*Id.*  The Tenth Circuit in *Peoples IV* unanimously reversed Judge Vratil's finding in *Peoples I* that district courts do not have subject matter jurisdiction over these claims.  *Id.*

[50]*See Alba v. Montford*, 517 F.3d 1249, 1254-55 (11th Cir. 2008); *Holly v. Scott*, 434 F.3d 287, 295-97 (4th Cir.), *cert. denied*, 547 U.S. 1168 (2006); *see also Lindsey II*, 2008 WL 2331175, at *4 (Vratil, J.).

[51]*See Purkey I*, 339 F. Supp. 2d at 1149-51; *Sarro v. Cornell Corr., Inc.*, 248 F. Supp. 2d 52, 58-64 (D.R.I. 2003).

violation); *Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979) (implied action against federal official for Fifth Amendment violation); *Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980) (implied action against federal prison officials for Eighth Amendment violation). Since 1980, however, the Supreme Court has refused to recognize a new cause of action for money damages arising directly from the Constitution. *See Peoples III*, 422 F.3d at 1098.[52]

In 2001, the Supreme Court declined to extend a *Bivens* cause of action in a new circumstance. Specifically, the Supreme Court declined to imply a *Bivens* remedy against a private corporation which operated a halfway house for allegedly violating a federal offender's Eighth Amendment rights.[53] The Supreme Court noted it has only extended *Bivens* "twice, to provide an otherwise nonexistent cause of action against *individual officers* alleged to have acted unconstitutionally, or to provide a cause of action for a plaintiff who lacked *any alternative remedy* for harms caused by an individual officer's unconstitutional conduct."[54] The Supreme Court emphasized the fact the plaintiff had alternative remedies and followed the longstanding caution against extending *Bivens* in new contexts.[55]

The undersigned magistrate judge finds Judge Vratil's reasoning in *Lindsey II* to be persuasive and therefore follows her precedent and the similar holdings of the Fourth and Eleventh Circuits in *Holly* and *Alba*, respectively. As Judge Vratil stated in *Lindsey II*, "a

---

[52]*Lindsey II*, 2008 WL 2331175, at *4.

[53]*Id.* (citing *Malesko*, 534 U.S. at 66).

[54]*Malesko*, 534 U.S. at 70.

[55]*See id.* at 72-74.

federal prisoner has no implied right of damages against an employee of a privately operated prison when state or federal law affords an alternate cause for the alleged injury."[56] Therefore, the court next "must determine whether state law provides an alternative remedy for plaintiff's alleged injuries."[57]

The defendant in *Lindsey II* did nothing more than assert the conclusion that the plaintiff had a state law negligence action available.[58]  Because the defendant had not shown the plaintiff had alternate state law causes of action available, Judge Vratil denied the defendant's motion for judgment on the pleadings.[59]  In the case at bar, the individual CCA defendants only briefly mentioned that "*Bivens* does not extend to provide a right of action to an inmate who has adequate state tort remedies."[60]  Standing alone this statement would be insufficient to show the individual CCA defendants are entitled to judgment as a matter of law.  However, in contrast to *Lindsey II*, plaintiff's amended complaint in the case at bar contains more than a sole claim for a remedy pursuant to *Bivens*.  The individual CCA defendants failed to file a reply brief after plaintiff amended his complaint and therefore did not address the impact of plaintiff's recently added negligence claim against them.

---

[56]*Lindsey II*, 2008 WL 2331175, at *4 (citing *Peoples III*, 422 F.3d at 1096-1103).

[57]*Id.*

[58]*See id.* at *5.

[59]*See id.* at *1, *5.

[60]Doc. 46, at 5.

Plaintiff states his negligence claim is alleged in the alternative to his claim brought pursuant to *Bivens*.  Both claims are supported by the same underlying factual allegations.[61]  Each claim also sets forth the same prayer for relief.[62]

Despite his recently added negligence claim, plaintiff argues he does not have an adequate state law remedy.  Plaintiff argues his negligence claim does not provide an equally effective remedy to one provided pursuant to *Bivens*.  The court disagrees and finds plaintiff's negligence claim is an alternative cause of action to his claim brought pursuant to *Bivens*.

The Supreme Court, in *Correctional Services Corp. v. Malesko*, noted the heightened deliberate indifference standard of Eighth Amendment liability would make it more difficult for a plaintiff to prevail on a claim brought pursuant to *Bivens* than on a theory of ordinary negligence.[63]  The Supreme Court continued that unlike the plaintiff in *Bivens*, the alternative state tort remedies available to the plaintiff in *Malesko* were not inconsistent or even hostile to a remedy inferred from the Fourth Amendment.[64]  Indeed, the alternative remedy available to the plaintiff in *Bivens* of resisting the officers' entry may have amounted

---

[61]*See* doc. 77, at 6-7.

[62]*See id.*

[63]534 U.S. 61, 73 (2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) and *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

[64]*Id.*

to a crime.[65]   Plaintiff seeking a remedy pursuant to a negligence claim in no way would

constitute a crime or rise to the level of inadequacy that the plaintiff in *Bivens* faced.

Plaintiff relies on the Supreme Court's decision in 1980 in *Carlson* for the

proposition that his negligence claim is not equally effective as a claim brought pursuant to

*Bivens*.   But as in noted *Peoples III*, the Supreme Court in *Malesko* (decided in 2001) did

not even discuss the test laid out in *Carlson*.[66]   Recognizing some tension between *Malesko*

and *Carlson*, the Tenth Circuit panel noted the Supreme "Court in *Carlson* did not address

the specific question of whether a potential state law cause of action against an[] individual

will preclude an implied *Bivens* claim."[67]   The Tenth Circuit panel then thought it prudent

to follow the Supreme Court's most recent case on the issue.[68]   The court agrees.   Therefore,

the court finds plaintiff's brief reliance on *Carlson*, especially its concurring opinion, does

not show his negligence claim is inferior to his *Bivens* claim.

Although vacated by an equally divided Tenth Circuit en banc panel, the court finds

persuasive the analysis in *Peoples III* regarding whether a negligence claim brought pursuant

to Kansas law is an alternate remedy for a plaintiff's alleged Eighth Amendment violations.

Analyzing Kansas law, the Tenth Circuit panel in *Peoples III* found that CCA and individual

---

[65]*Id.* (quoting *Bivens*, 403 U.S. at 395).

[66]*Peoples III*, 422 F.3d at 1099.

[67]*Id.* at 1102.

[68]*Id.*

defendants employed by CCA owed a duty to the plaintiff to prevent reasonably foreseeable injuries by other inmates.[69]  The Tenth Circuit found that CCA and individual defendants employed by CCA had a special relationship with the plaintiff which created a duty to protect him against injuries caused by third parties.  Such a special relationship implies the individual CCA defendants here owed an ordinary duty to plaintiff that, if breached, would impose negligence liability for the individual CCA defendants.

Further, the Kansas Court of Appeals has held that CCA personnel are similar to law enforcement officers, "who are obligated to use reasonable and ordinary care and diligence in the exercise of their duties, to use their best judgment, and to exercise that reasonable degree of learning, skill, and experience which is ordinarily possessed by other law enforcement officers in the same or similar locations."[70]  The court agrees with plaintiff's allegations in his amended complaint that under Kansas law the individual CCA defendants owed him a duty of ordinary care.  Plaintiff stated under the individual CCA defendants' interpretation of *Bivens*, which the court followed, they must either concede he has a viable state law negligence claim or concede that a *Bivens* claim exists.  Although the individual CCA defendants certainly have not conceded that plaintiff has a viable state law negligence claim, they have yet to file a motion to dismiss plaintiff's negligence claim.

Plaintiff's final argument is that because the law on this issue is unsettled, it is

---

[69]*Id.* at 1104.

[70]*Nahia v. Corr. Corp. of Am.*, No. 98,637, 2008 WL 2051756, at *3 (Kan. Ct. App. May 9, 2008).

inappropriate for the court to grant summary judgment to the individual CCA defendants. The court disagrees and finds the individual CCA defendants are entitled to judgment as a matter of law on plaintiff's claim brought pursuant to *Bivens*.  Plaintiff did not discuss any of the facts of this case in the section of his response addressing the availability of a *Bivens* remedy and did not suggest, let alone set forth specific facts showing, that there was a genuine dispute of a material fact relating to this issue.  The court finds no facts are essential to determining whether *Bivens* liability extends to the individual CCA defendants, and such a determination therefore presents solely an issue of law.  Even though courts are split on the resolution of this issue of law and it may present a difficult question of law, summary judgment is still appropriate.[71]  The court finds plaintiff has alternative state law remedies available for his alleged injuries and therefore does not extend *Bivens* liability to the individual CCA defendants.  The individual CCA defendants' motion to dismiss the *Bivens* claim is granted.

The individual CCA defendants also argue that plaintiff has failed to state a claim for Eighth Amendment violations.  The court has declined to extend a *Bivens* remedy against the individual CCA defendants given plaintiff has a negligence claim available.  Thus, regardless of whether plaintiff's allegations rise to the level of Eighth Amendment

---

[71]*See* 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2725, at 410-12 (2d ed. 1990) (noting that a denial of summary judgment in such a situation merely postpones the court's obligation to make a difficult decision at the cost of engaging in an unnecessary trial).

violations, he cannot proceed against the individual CCA defendants under *Bivens*.  The

court therefore need not decide if plaintiff's allegations rise to the level of Eighth

Amendment violations.

### IV.   CCA's Motion to Dismiss the Amended Complaint

CCA seeks to dismiss plaintiff's amended complaint on the basis he was required to

obtain leave of court to file it.[72]  Essentially, CCA argues that plaintiff's unfettered right to

amend ended when the court entered judgment against plaintiff on December 16, 2004.

Plaintiff responds by arguing he was not required to obtain leave of court to file an amended

complaint because this case has remained pending and no responsive pleading was filed

before plaintiff filed his amended complaint on February 28, 2008.

Under Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter

of course . . . before being served with a responsive pleading."  Neither CCA nor the other

defendants had filed an answer before plaintiff filed his amended complaint.  Because

motions to dismiss ordinarily are not deemed responsive pleadings, the mere filing of such

a motion does not cut off a plaintiff's right to amend as of course.[73]  The relevant issue

before the court is whether the right to amend as of course terminates once a motion to

---

[72]The court notes that this motion is brought only by CCA and not the individual
CCA defendants.  As mentioned above, the individual CCA defendants did not oppose
plaintiff's motion for leave to amend his complaint because plaintiff could amend as to them
as a matter of right.  *See* doc. 79, at 2.

[73] *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985); 6 WRIGHT ET AL., § 1483,
at 587; *see also Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994).

dismiss is granted.[74]

The court notes this case's procedural history is unique, and none of the authorities cited by the parties are directly on point. Here, the court granted CCA and the individual CCA defendants' motion to dismiss as well as the federal defendants' motion to dismiss. The court dismissed the complaint in its entirety and entered judgment accordingly. Subsequently, the Tenth Circuit affirmed all of the dismissals except, as explained earlier, the dismissal of plaintiff's *Bivens* claim against the individual CCA defendants. The Tenth Circuit then stated that "[t]he judgment of the district court is affirmed in part [and] reversed in part."[75]

Ordinarily, once a court grants a motion to dismiss, a party seeking to amend must first move to reopen the case under Fed. R. Civ. P. 59(e) or 60(b) and then file a motion under Fed. R. Civ. P. 15 for leave to amend.[76] The parties disagree as to the effect of the Tenth Circuit's reversal of the dismissal of the *Bivens* claim against the individual CCA defendants. CCA argues the reversal merely eliminated plaintiff's need to reopen the case and that he still must receive leave of court to amend. Plaintiff argues because the case has remained pending and no responsive pleading was filed, he still had his right to amend as of course when he filed his amended complaint.

---

[74]*See* 6 WRIGHT ET AL., § 1483, at 587.

[75]Doc. 48, at 7.

[76]*Calderon v. Kan. Dep't of Social & Rehab. Servs.*, 181 F.3d 1180, 1185 (10th Cir. 1999); *Cooper*, 780 F.2d at 29.

The Tenth Circuit has held that "[a] motion to dismiss is treated like a responsive pleading when final judgment is entered before plaintiff files an amended complaint" and the final judgment precludes plaintiff from amending as of right.[77]  Judge Vratil has held a party could not amend its antitrust claims as of right after such claims were dismissed, even though its other claims had not been dismissed.[78]

In *Brever v. Rockwell International Corp.*, the Tenth Circuit reversed the district court's dismissal of all of the plaintiff's claims.[79]  The court noted because the case was being remanded and the defendants had not yet filed a responsive pleading, the plaintiff was still entitled to her one amendment as a matter of right.[80]  Notably, the Tenth Circuit reversed the dismissal of all of the defendants.  The court finds the instant case distinguishable from *Brever* because the plaintiff in *Brever* could not have sought to amend her claims against a previously dismissed defendant since all of the defendants remained in the case after her appeal.

The court also finds the cases on which plaintiff relies to be distinguishable from the facts in the instant case.  In *Barksdale v. King*, a magistrate judge had filed a report recommending dismissal of one defendant, John King, on the basis the pro se plaintiff failed

---

[77]*Cooper*, 780 F.2d at 29.

[78]*See In re Baseball Bat Antitrust Litig.*, 75 F. Supp. 2d 1189, 1192, 1201 (D. Kan. 1999).

[79]40 F.3d 1119, 1125 (10th Cir. 1994).

[80]*Id.* at 1131.

to state a claim.[81]  Thereafter, the plaintiff filed an "Opposition to Magistrate's Report and Recommendation" and the district court granted defendant King's motion.[82]  Because defendant King had not filed a responsive pleading, the Fifth Circuit held the plaintiff's right to amend as a matter of course as to defendant King remained unimpeded.[83]  Therefore the district court should have treated the plaintiff's opposition as an amendment to his complaint, considered it in ruling on defendant King's motion to dismiss, and subsequently denied the motion.[84]

Plaintiff relies on *Barksdale* for the proposition that the plaintiff could have brought defendant King back into the litigation without leave of court.  Such reliance is misplaced. The Fifth Circuit held the plaintiff still had his right to amend before the district court ruled the motion to dismiss and therefore defendant King should never have been dismissed. Plaintiff also cites *Bradbury Co. v. Teissier-duCros*,[85] a District of Kansas case which quotes *Barksdale*.  In regards to correctly naming a counterclaim defendant, the court in *Bradbury Co.* held that counterclaimants could amend as a matter of right the claims asserted solely

---

[81]699 F.2d 744, 746 (5th Cir. 1983).

[82]*Id.* at 746-47.

[83]*Id.*

[84]*See id.* at 747-48.

[85]387 F. Supp. 2d 1167 (D. Kan. 2005).

against the counterclaim defendant who had not yet answered.[86]   *Bradbury Co.* did not involve amending as a matter of right as to a defendant who had been dismissed, as plaintiff suggests.

Had the Tenth Circuit not reversed the dismissal of the individual CCA defendants' *Bivens* claim, it is clear plaintiff's right to amend would have terminated and to amend he would have had to move to reopen the case and then file a motion for leave to amend. However, because the Tenth Circuit reversed this sole claim against defendants other than CCA, this case remains pending.  The Tenth Circuit affirmed this court's dismissal of plaintiff's complaint as to CCA.  The court therefore finds this judgment terminated plaintiff's right to amend as of course as to CCA.

The court also notes the substantial amount of time that has passed since the court granted the motions to dismiss and entered judgment.[87]  CCA was dismissed from this case on December 16, 2004, and plaintiff did not file his amended complaint until more than three years later, on February 28, 2008.  This large span of time weighs heavily against plaintiff's argument that his right to amend had not yet terminated.  Indeed, under plaintiff's arguments, he would still have his right to amend as to the federal defendants until the eve of trial, because they have never filed an answer.  The court finds such a proposition would

---

[86]*Id.* at 1177.

[87]*See* 6 WRIGHT ET AL., § 1483, at 588-90 (suggesting the amount of time since the motion to dismiss was granted should control when the right to amend as of course terminates).

be completely unjust and would effectively indefinitely prolong the pleading phase of a lawsuit.[88]  Plaintiff's right to amend as a matter of right ended and he should have obtained leave of court before amending his complaint.  The court therefore grants CCA's motion to dismiss plaintiff's amended complaint.

In his response, plaintiff requests that, if the court determines leave of court was required for him to amend his complaint, then the court should now grant him leave to amend nunc pro tunc to avoid additional filings and briefings.  Plaintiff attached his memorandum in support of his now withdrawn motion for leave to amend, CCA's response, and his reply to his response to CCA's motion to dismiss and suggested the court consider the arguments and authorities provided therein.  The court is without the benefit of a reply by CCA so will therefore consider the parties' previous filings as to plaintiff's motion for leave to amend.  In its motion to dismiss, CCA argues that leave to amend should be denied because there has been an undue delay.  Specifically, CCA contends plaintiff knew of the facts upon which the state law claim is based but failed to move for amendment.

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  Generally, the court denies leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments

---

[88]*See In re Baseball Bat Antitrust Litig.*, 75 F. Supp. 2d at 1201 (quoting *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989)).

previously allowed, or undue prejudice to the opposing party, or futility of amendment."[89]

The court first addresses CCA's argument that the motion was unduly delayed.  Of course, as earlier indicated, plaintiff had been proceeding pro se until June 18, 2007.  Plaintiff argues he was transferred at least twice within the federal prison system since his counsel was first contacted.  Plaintiff also argues that, because of a lack of cooperation by prison officials at the United States Penitentiary at Atwater, California, where plaintiff is currently housed, his counsel was unable to substantially confer with plaintiff until December 2007.  Plaintiff's motion for leave to amend his complaint was filed on February 6, 2008.  The court finds under the unusual circumstances in this case, there has not been undue delay by plaintiff in bringing this claim against CCA.

The court also respectfully rejects CCA's argument that it will be unduly prejudiced by allowing plaintiff to assert the negligence claim against it at this time.  There has yet to be a scheduling order entered in this case.  Therefore, no discovery deadlines have even been established.  Furthermore, as plaintiff noted, CCA will already be engaged in defending its employees against the negligence claim—adding CCA as a defendant will not appreciably change the cost or increase the burden on CCA.  Plaintiff is therefore granted nunc pro tunc leave to amend his complaint as to CCA.

## V.   Conclusion

---

[89] *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.      The individual CCA defendants' supplemental motion to dismiss plaintiff's *Bivens* claim **(doc. 45)** is granted.

2.      CCA's motion to dismiss plaintiff's amended complaint **(doc. 79)** is granted. However, plaintiff is hereby granted nunc pro tunc leave to amend his complaint, and his first amended complaint as to CCA (doc. 77) is now considered properly filed with leave of court.  The court notes that CCA and the individual CCA defendants already have filed a joint answer to the amended complaint (doc. 84).

3.      By **July 14, 2008**, plaintiff's provisionally appointed counsel, David A. Rameden, shall submit a confidential letter to Judge Belot (with a copy to the undersigned magistrate judge), recommending whether his appointment should be made permanent with regard to plaintiff's remaining claims, which are now confined to negligence claims against CCA and the individual CCA defendants (*see* doc. 57, at 1-2).

4.      By **August 1, 2008**, the parties shall confer to discuss the nature and basis of their claims and the defenses, the use of mediation or other methods of alternative dispute resolution ("ADR"), and a proposed discovery plan, including but not limited to the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

5.      By **August 4, 2008**, the parties shall submit a completed report of the parties' planning conference to the undersigned magistrate judge.  The report shall follow the report

form posted on the court's Internet website:

*(http://www.ksd.uscourts.gov/forms/wpforms/StdForm35.wpd).*

It shall be submitted electronically in .pdf format as an attachment to an Internet e-mail sent

to *ksd_ohara_chambers@ksd.uscourts.gov*, and **shall not be filed with the Clerk's Office**.

     6.     Pursuant to Fed. R. Civ. P. 16(b)(1), the undersigned magistrate judge hereby

sets this case for a scheduling conference by telephone on **August 8, 2008, at 1:30 p.m.**

The court will initiate the telephone conference call.

     Dated this 27th day of June, 2008, at Kansas City, Kansas.


                                    s/James P. O'Hara            
                                   James P. O'Hara
                                   U.S. Magistrate Judge